**E-FILED**
Tuesday, 31 January, 2012  12:24:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

Adrian Morrison,
            Plaintiff,

v.                                                    11-CV-4110

Brett Utz,
            Defendant.


## OPINION

Plaintiff, currently detained in the Rock Island County Jail, has filed an amended complaint as directed by this Court.  The amended complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1]

Section 1915A requires the Court to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  A merit review hearing was scheduled to aid the court in this review, but will be cancelled as unnecessary.

The merit review standard is the same as the motion to dismiss standard.  To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).  However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955.  The Court keeps in mind, however, that pro se pleadings are liberally construed. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

---

[1]The amended complaint has been docketed as a motion to file an amended complaint.

1

*Allegations*

Plaintiff is incarcerated in the Rock Island County Jail.  He has been diagnosed with manic depression, bipolar disorder, and a sleeping disorder.  He takes one pill in the morning.

On the morning of November 24, 2011, Plaintiff was given medication.  He did not realize until after he swallowed the medicine that he had taken two pills, not his usual one pill.  After some investigation, Plaintiff realized that he had been given another inmate's medicine in addition to Plaintiff's own medicine.  This other inmate's medicine was for treating high blood pressure or HIV.  Defendant Utz, the correctional officer on duty, was notified and responded that he would try to find the other inmate's medicine, but Utz never returned with the other inmate's medicine.

After taking the incorrect medicine, Plaintiff experienced heart fluttering, lower intestinal problems, and a headache.  Plaintiff put in to see a doctor, and the doctor examined him and concluded that Plaintiff "seemed to be okay."  (Complaint, p. 6).  The doctor gave Plaintiff two pills, but the pills did not relieve Plaintiff's symptoms.

Plaintiff alleges that "the correctional officers aren't qualified to pass out meds at all to any inmate."  (Complaint, p. 6).  He seeks "resolution" and money damages.

*Analysis*

In order to state a constitutional claim, Plaintiff's allegations must allow a plausible inference that a defendant was deliberately indifferent to a substantial risk of serious harm to him.  *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).  Administering the wrong medication may well pose a substantial risk of harm depending on the circumstances.  However, the temporary symptoms experienced by Plaintiff—intestinal problems, a headache, and heart fluttering—do not plausibly suggest that the mistaken medicine placed Plaintiff at a substantial risk of serious harm.  Additionally, one isolated mistake does not allow a plausible inference of deliberate indifference.  *See, e.g., Ehrenberg v. Wisconsin Dept. of Corrections*, 2010 WL 5089484 (unpublished)(E.D. Wis. 2010)(prisoner stated no constitutional claim based on allegations that he was given the wrong dosage of medicine); *Davis v. Baker*, 2010 WL 779502 (unpublished)(S.D. Ind. 2010)(granting summary judgment to defendant on claim that defendant handed inmate wrong medication one time); *Kirkwood v. Sirin*, 2006 WL 587698 *3 (E.D. Wis. 2006)(prisoner failed to state constitutional claim for being given wrong medication on one day).  To state a claim for deliberate indifference, the allegations must plausibly suggest that the defendant personally knew of substantial risk that he was giving Plaintiff the wrong medicine and consciously disregarded that risk.  *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 301 (7th Cir. 2010)("The official must have subjective knowledge of the risk to the inmate's health and also must disregard that risk.").

At most, Plaintiff's allegations make out a claim for negligence.  Negligence is not a constitutional violation.  *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004)("Negligence on

2

the part of an official does not violate the Constitution, and it is not enough that he or she should have known of the risk."); *see also Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001)("A plaintiff cannot establish a violation of the Eighth or Fourteenth Amendment by a showing that officials were negligent . . . ."). To the extent Plaintiff pursues a negligence claim, that claim sounds in state law, not federal law. Generally, a federal court lacks the power to hear a state court claim unless a related federal claim is also present, 28 U.S.C. § 1367(a)(supplemental jurisdiction), or the parties are citizens of different states, 28 U.S.C. § 1332 (diversity jurisdiction). Neither situation is present here. Accordingly, Plaintiff's case will be dismissed for failure to state a federal claim.

The Court also notes that Plaintiff admits that he did not exhaust his administrative remedies before filing his lawsuit. The Prison Litigation Reform Act requires an inmate to exhaust available administrative remedies before filing in federal court. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). In the context of this case, that means that Plaintiff must have followed the Jail's grievance procedures to their conclusion before filing this case. Failure to exhaust administrative remedies is an affirmative defense, but dismissal on the pleadings is appropriate if a plaintiff clearly pleads himself out of court. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)("when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit").

Plaintiff states in his complaint that his "past complaints concerning other issues have been unanswered." (Complaint, p. 4). True, if prison officials fail to respond to grievances, then no administrative remedies are available to exhaust. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)(administrative remedies are exhausted if prison officials fail to respond to grievances). However, failure to respond to grievances about other issues would not relieve Plaintiff from his obligation to attempt to follow the grievance procedures on this issue. Accordingly, even if Plaintiff did state a federal claim, his case would be dismissed, without prejudice, for failure to exhaust administrative remedies.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for February 8, 2012, is cancelled. The clerk is directed to notify the Jail of the cancellation.

2) Plaintiff's motion to file an amended complaint is granted (d/e 4). Plaintiff's amended complaint is dismissed for failure to state a federal claim pursuant to 28 U.S.C. § 1915A. This case is closed.

3) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to

28 U.S.C. Section 1915(g).[2]  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's order of January 25, 2012.

4)  If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.  Plaintiff may also be assessed a "strike" by the Court of Appeals if his appeal is dismissed for one of the reasons stated in § 1915(g).

Entered this ____31st____ Day of __January__, 2012.


**s/Sara Darrow**
SARA DARROW
UNITED STATES DISTRICT JUDGE

---

[2]28 U.S.C. Section 1915(g) prohibits a pro se prisoner plaintiff from proceeding in forma pauperis if he, on at least three occasions, brought an action in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

4